UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARROL McMURRAY, | No. 2:15-cv-1674 TLN KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RON RACKLEY,[1] | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. As set forth below, the undersigned recommends that the petition be denied.

II. Procedural History

1. Respondent has custody of petitioner pursuant to the October 27, 1998 judgment of the California Superior Court, Sacramento County, case number 97F06716.

2. Petitioner pled guilty to second degree robbery. Due to his prior strikes from 1972 and 1974, petitioner was sentenced to 25 years to life.

////

---

[1] Ron Rackley, current warden of Folsom State Prison, is substituted as respondent. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

3. Petitioner failed to timely appeal from his guilty plea. Long after his conviction was final, petitioner attempted to file a notice of appeal. The state court of appeal dismissed the appeal.

4. Petitioner filed a state habeas petition with the Sacramento County Superior Court on November 24, 1999, which was denied as untimely and on the merits on December 30, 1999.

5. Petitioner filed another habeas petition with the California Court of Appeal, Third Appellate District, on January 31, 2000, which was denied on February 10, 2000.

6. Petitioner filed a state habeas petition in the California Supreme Court on March 7, 2000, which was summarily denied on April 26, 2000.

7. Petitioner filed a federal habeas corpus petition on July 30, 2000. The district court dismissed the petition as untimely. McMurray v. Lewis, No. 2:00-cv-1881 GEB GGH (E.D. Cal.)[2]

8. On July 2, 2013, petitioner filed a petition to recall his sentence in the Sacramento Superior Court under newly-enacted California Penal Code Section 1170.126 (2014). The Sacramento County Superior Court heard the petition and denied it.

9. Petitioner attempted[3] to appeal from the denial of the resentencing petition. On February 24, 2015, the California Court of Appeal for the Third Appellate District examined the entire record and found no arguable error that would result in a disposition more favorable to petitioner. (Respondent's Lodged Document ("LD") No. 4.)

10. Petitioner filed a petition for review in the California Supreme Court on March 27, 2015. The petition was summarily denied on April 29, 2015.

////

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[3] See Order of state court of appeal explaining that petitioner could not challenge the validity and constitutionality of the commitment judgment through an appeal of the order denying relief under the Three Strikes Reform Act of 2012. (Respondent's Lodged Document No. 4.)

11. On August 4, 2015, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

III. Last Reasoned State Court Decision

The California Court of Appeal, Third Appellate District, rendered the last reasoned decision.

> Defendant Darrol Lee McMurray appeals from an order denying a petition to recall his so-called "three strikes" sentence of 25 years to life, brought pursuant to the provisions of the Three Strikes Reform Act of 2012 (the Act), codified at Penal Code section 1170.126 [also known as "Proposition 36"].[FN1] (See *Teal v. Superior Court* (2014) 60 Cal.4th 595 (*Teal*).)
>
> [FN1: Undesignated statutory references are to the Penal Code.]
>
> Defendant's petition to recall his sentence and for resentencing was denied upon determination that he was not eligible for relief under the Act because the commitment offense was robbery. (See §§ 667.5, subd. (c)(9), 1170.126, subd. (e)(1), 1192.7, subd. (c)(19).) Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.
>
> Defendant timely filed a supplemental brief by which he seeks to challenge the validity and constitutionality of the commitment judgment. "'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.'" [Citations.]" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) Appeal of the order denying relief under the Act is authorized by subdivision (b) of section 1237, as an order made after judgment, affecting the substantial rights of defendant. (*Teal*, *supra*, 60 Cal.4th at p. 601.) However, that statutorily conferred appellate jurisdiction is limited to review of the decision to deny relief under the Act. To convert that limited grant of jurisdiction to effectuate appellate review of the commitment judgment would in substance allow a belated motion to vacate that judgment, thereby violating the proscription on so "'bypass[ing] or duplicat[ing] appeal from the judgment itself.' [Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.) The contentions tendered by defendant's supplemental brief are not cognizable on this appeal of the order denying relief under the Act.
>
> Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

////

| | |
|---|---|
| 1 | DISPOSITION |
| 2 | The judgment (order) is affirmed. |

People v. McMurray, No. C074792, 2015 WL 780571, at *1 (Cal. Ct. App. Feb. 24, 2015), review denied (Apr. 29, 2015); (ECF No. 1 at 30-31).

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 4 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a

specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

5

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no

6

reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

V. Second or Successive Petition

In the traverse, petitioner concedes that he filed a federal habeas corpus petition on July 30, 2000, attacking his 1998 conviction, and that the petition was dismissed as untimely. (ECF No. 17 at 3.)

In pertinent part, 28 U.S.C. § 2244 provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

////

7

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

The court's records confirm that petitioner previously filed an application for a writ of habeas corpus attacking the 1998 conviction and sentence challenged in this case. The previous application was filed on August 1, 2000, and was dismissed as untimely on March 17, 2003. McMurray, No. 2:00-cv-1881 GEB GGH (E.D. Cal.). "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

As argued by respondent, petitioner fails to demonstrate that either exception under sections 28 U.S.C. § 2244(b)(2)(A) & (B) applies. Petitioner identifies no applicable new rule of constitutional law made retroactive to cases on collateral review. California Penal Code § 1170.126 is a state law, not a constitutional law. Tyler v. Cain, 533 U.S. 656, 664-68 (2001) (for purposes of second or successive motions under 28 U.S.C. § 2255, a new rule is made retroactive to cases on collateral review only if the Supreme Court itself holds the new rule to be retroactive). In his traverse, petitioner relies on Lafler v. Cooper, 566 U.S. 156 (2012). In Lafler, the Supreme Court applied the Sixth Amendment test for effective assistance of counsel to the plea bargaining stage and held that the petitioner could show prejudice under the test established

8

in Strickland v. Washington, 466 U.S. 668 (1984), if his counsel's deficient performance caused him to reject a plea offer and be convicted of more serious offenses at trial or receive a more severe sentence. Lafler, 566 U.S. at 168. However, the Court's ruling did not establish a new rule of law. Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) ("Lafler did not decide a new rule of constitutional law as required under 28 U.S.C. § 2255."). Thus, no new rule of constitutional law offers petitioner an exception to the successive bar.

Moreover, petitioner fails to identify facts he could not have previously discovered with due diligence. Petitioner's contention that his guilty plea was infirm was known to petitioner when he filed his first federal habeas petition in 2000. Petitioner fails to explain why he could not earlier discover facts supporting his claim concerning his guilty plea.

Therefore, before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

VI. Petitioner's Claims

In the alternative, petitioner is not entitled to relief on his claims,[5] as discussed below.

A. Denial of Petition for Re-sentencing

To the extent petitioner claims the state courts erroneously denied his petition for re-sentencing under § 1170.126, such challenge does not state a cognizable federal habeas claim.

---

[5] Respondent also argues that petitioner's claims are procedurally defaulted. A reviewing court need not invariably resolve the question of procedural default prior to ruling on the merits of a claim. Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997). Where deciding the merits of a claim proves to be less complicated and less time-consuming than adjudicating the issue of procedural default, a court may exercise discretion in its management of the case to reject the claim on the merits and forgo an analysis of procedural default. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same"); Busby v. Dretke, 359 F.3d 708, 720 (5th Cir. 2004) (noting that although the question of procedural default should ordinarily be considered first, a reviewing court need not do so invariably, especially when the issue turns on difficult questions of state law).

Federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quoting Estelle, 502 U.S. at 67). Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding non-cognizable on federal habeas review claim that offense did not constitute a "serious felony" because it "is a question of state sentencing law").

Here, the state courts concluded, as a matter of state law, that petitioner was not entitled to be resentenced under § 1170.126 "because the commitment offense was robbery." (LD 4.) This Court is bound by the state courts' determination that petitioner is ineligible for resentencing under § 1170.126. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Therefore, petitioner's challenge to the denial of his resentencing petition is not cognizable and must be dismissed.

B. Petitioner's Prior Convictions

Petitioner attempts to collaterally attack the validity of his 1972 and 1974 convictions because such convictions were used to enhance the sentence for his 1998 conviction.

First, as argued by respondent, petitioner may not challenge his 1974 federal conviction through a petition for writ of habeas corpus under 28 U.S.C. § 2254. Section 2254 governs challenges to the judgments of state courts, not federal courts. 28 U.S.C. § 2254(a). Thus, petitioner's challenge to the 1974 conviction must be dismissed.

Second, petitioner's challenge to his prior convictions is barred by Lackawanna County Dist. Atty., 532 U.S. 394 (2001). In Lackawanna, a federal habeas corpus petitioner challenged a current sentence enhanced by an allegedly invalid prior sentence. Id. at 401-02. The United

States Supreme Court held that relief is unavailable through a petition for a writ of habeas corpus "when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." Id. at 396 (citing Daniels v. United States, 532 U.S. 374, 384 (2001)).

Third, under the applicable statute of limitations governing habeas corpus petitions in federal court, the time for challenging petitioner's 1972 and 1974 convictions has long expired.

Therefore, to the extent petitioner challenges the validity of his 1972 and 1974 convictions, such challenge fails.

Lackawanna also forecloses any claim based on the ineffective assistance of counsel. By arguing that his prior convictions are invalid because his trial counsel failed to object (ECF No. 1 at 11), petitioner is attempting to accomplish what Lackawanna prohibits -- attack his current sentence based on a challenge to the validity of his prior convictions. See Lackawanna, 532 U.S. 403-04. Because petitioner was not denied counsel in connection with his prior convictions,[6] Lackawanna forecloses any challenge to the constitutionality of such convictions, including ineffective assistance of counsel claims.

C. Appellate Counsel

Petitioner argues that his counsel on appeal from the denial of his resentencing petition was constitutionally ineffective for failing to "argue any grounds to support the appeal." (ECF No. 17 at 6.)

Petitioner has not alleged facts showing that his appellate counsel was constitutionally

---

[6] "The only explicit exception to the Lackawanna bar is for 'Gideon' claims, which require a total denial of the right to counsel." Moore v. Chrones, 687 F.Supp.2d 1005, 1045-46 (C.D. Cal. 2010) ("As the record shows that Petitioner elected to represent himself, in pro per, in connection with his 1995 prior conviction and was represented by counsel in connection with his 1996 conviction.") (internal citations and nn. 33-35 omitted). See also Torres v. Long, 2014 WL 2115204, *7 (C.D. Cal. May 21, 2014) ("Here, none of the exceptions to the Lackawanna rule applies. First, petitioner does not allege that he was deprived of counsel in connection with his 2001 conviction. Rather, he only challenges the competency of his representation with respect to the prior plea.") (citing, *inter alia*, Lackawanna, 532 U.S. at 404). Here, petitioner claims that the trial record does not reflect that the sentencing court advised petitioner of his Boykin-Tahl rights, and trial counsel failed to object. (ECF No. 1 at 6, 11, referring to the decisions in Boykin v. Alabama, 395 U.S. 238 (1969), and In re Tahl, 1 Cal. 3d 122 (1969).)

11

ineffective. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a petitioner claiming ineffective assistance of counsel must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. That criteria also applies to claims of ineffective assistance by an appellate lawyer. Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002). Petitioner contends that appellate counsel was ineffective because counsel failed to argue that petitioner's 25-year- to-life sentence violates due process because his first two strike convictions are invalid. (ECF No. 17 at 6.) However, as argued by respondent, counsel could not challenge petitioner's underlying convictions in the petition for resentencing context. As noted by the state court of appeal, the "statutorily conferred appellate jurisdiction is limited to review of the decision to deny relief under the Act [§ 1170.126]." (LD 4 at 2.) Thus, any attempt to challenge the underlying convictions would have been futile, and appellate counsel could not have been ineffective for failing to raise them. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance.").

Petitioner also argues that appellate counsel was ineffective for filing a Wende brief on appeal rather than raising specific issues. (ECF No. 1 at 7.) The Supreme Court has held that a habeas petitioner cannot state a claim for ineffective assistance of appellate counsel merely because his attorney filed a brief pursuant to Wende. See Smith v. Robbins, 528 U.S. 259, 284 (2000) ("It is enough to say that the Wende procedure . . . affords adequate and effective appellate review for criminal indigents. Thus, there was no constitutional violation in this case simply because the Wende procedure was used."). In cases with fully briefed appeals and in cases with Wende briefs, claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland. Id. at 285. In the Wende brief context, the petitioner must first show that counsel was objectively unreasonable in failing to find arguable issues of appeal, i.e., unreasonably failed to discover nonfrivolous issues and failed to file a merits brief raising them. Strickland, 466 U.S. 668 at 285. Second, the petitioner must demonstrate prejudice, i.e., a reasonable probability that, but for counsel's unreasonable failure to file a merits brief, the petitioner would have prevailed on appeal. See id.

////

12

Here, petitioner fails to satisfy Strickland because there were no meritorious issues[7] that appellate counsel failed to raise. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (appellate counsel does not have an obligation to raise every nonfrivolous argument); Miller v. Keeney, 882 F.2d 1428, 1434-35 (9th Cir. 1989) (appellate counsel's failure to raise a weak issue did not constitute ineffective counsel). The state courts examined the entire record and found no arguable error. (LD 4 at 2.)

For all of the above reasons, petitioner's ineffective assistance of appellate counsel claims also fail on the merits.

VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that Ron Rackley is substituted as respondent herein; and

IT IS RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

---

[7] Appellate counsel was also precluded from challenging petitioner's prior convictions in state court. Garcia v. Superior Court, 14 Cal.4th 953, 956 (1997) (A "criminal defendant may not challenge a prior conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital offense. Compelling a trial court in a current prosecution to adjudicate this type of challenge to a prior conviction generally would require the court to review the entirety of the record of the earlier criminal proceedings, as well as matters outside the record, imposing an intolerable burden upon the orderly administration of the criminal justice system.").

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 23, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/mcmu1574.157